CAUSE NO. 2018-23268B

| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|
| CRAIG CUNNINGHAM.<br>　Plaintiff/Garnishor<br><br>V.<br><br>THE 7 FIGURE WEALTH CORPORATION, and CHRISTIAN KINNEY<br>　Judgment Defendants<br><br>V.<br><br>COMERICA BANK,<br>　Defendant/Garnishee | § § § § § § § § § § § § § § § | MISCELLANEOUS ACTION:<br>H-18-3099 |

## COMERICA BANK'S ORIGINAL ANSWER TO WRIT OF GARNISHMENT AND REQUEST FOR AWARD OF COSTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, COMERICA BANK ("Comerica" or "Garnishee") in the above-styled and numbered cause, and in response to the Writ of Garnishment served upon it by Craig Cunningham ("Garnishor") relative to The 7 Figure Wealth Corporation and Christian Kinney a/k/a Oscar Leroy Kinney ("Judgment Defendants") and files this, its Original Answer, and in support thereof respectfully shows the Court as follows:

### I.

1. Garnishee was served with the Writ of Garnishment on March 1, 2019 through one of its officers, however, its registered agent, Corporate Creations Network, Inc, was not served with the Writ.

## II.

2. On the date of service, Judgment Defendants have on deposit with Garnishee:

- <u>The 7 Figure Wealth Corporation</u>: No accounts found.
- <u>Christian Kinney a/k/a Oscar Leroy Kinney</u>:
    i. Comerica CD that secures his Secure Visa Credit Card issued by Comerica; and
    ii. Comerica found one open account styled "Oscar Kinney" in the amount of $8.00.

## III.

3. On the date of this Answer, Judgment Defendants have on deposit with Garnishee:

- <u>The 7 Figure Wealth Corporation</u>: No accounts found.
- <u>Christian Kinney a/k/a Oscar Leroy Kinney</u>:
    i. Comerica CD that secures his Secure Visa Credit Card issued by Comerica; and
    ii. Comerica found one open account styled "Oscar Kinney" in the amount of $8.00.

Judgment Defendant, Christian Kinney a/k/a Oscar Leroy Kinney, has a Secure Visa Credit Card with Garnishee Bank that is secured by a certificate of deposit pursuant to the terms of his credit card/security agreement with Comerica Bank. Accordingly, Garnishee Bank has a superior lien, claim and right to the Judgment Defendants' Certificate of Deposit that has been captured by the writ of garnishment, and Garnishee Bank has the right to offset these proceeds and apply them against the outstanding indebtedness due on the credit card.

## IV.

4. Garnishee Bank expresses no opinion as to whether or not the claim(s) asserted by Garnishor reach(es) these accounts, only that there is a good faith question regarding the same and that said account exists under these names and is being held pending further Order of the Court.

5. Pursuant to Comerica Bank's deposit agreement, Comerica Bank has deducted $100.00 for its administrative costs associated with the garnishment lawsuit, decreasing the

amount of indebtedness to -$92.00. In addition, some of the funds in the account may be provisional credits based upon deposits that had not yet cleared the drawee bank. Therefore, the possibility exists that one or more of these provisional items may be returned unpaid. Accordingly, the Garnishee Bank reserves the right to amend its Answer to show such a reduction.

V.

6. Garnishee did not have any effects belonging to Judgment Defendants in its possession on the date it was served with the Writ of Garnishment or on the date of this Answer.

7. Garnishee has no knowledge of any other persons who are indebted to the Judgment Defendants or who have effects belonging to the Judgment Defendants in their possession.

VI.

8. Garnishee is a financial institution and is a complete stranger to the underlying dispute between the Parties. Pursuant to TRCP rules 97 and 677, Garnishee is entitled to recovery of its costs and attorneys' fees accrued solely due to Garnishor's conduct. Garnishee has employed the undersigned licensed attorney to represent it in this proceeding. Since the date of service of the Writ of Garnishment, said counsel has performed a case review, consulted with the client, and prepared and filed this Answer. Accordingly, Garnishee is entitled to recover its reasonable attorneys' fees incurred herein in an amount not less than $8,000.00 from either Garnishor or from the funds of the Judgment Defendants on deposit with Garnishee. In the event this matter is brought to trial, the award for Garnishee's reasonable attorneys' fee and costs should be, at least, $2,500.00.

## VII.

9. Garnishee Bank opposes any suggestion of mediation involving Garnishee Bank. Garnishee Bank takes no position with respect to the disposition of the funds and/or assets in dispute; therefore has nothing to mediate and should not be assessed costs for unnecessary mediation. As seen above, Garnishee Bank is entitled to recover its costs. Garnishee Bank does not oppose mediation involving any other parties as long as it is not required to participate or pay costs.

10. To the extent that the foregoing Answer is in any way insufficient for any reason, then the Garnishee Bank generally denies each and every, all and singular, of the allegations set forth in the Garnishor's pleadings, as allowed by the Texas Rules of Civil Procedure. This general denial does not require verification and the attached verification is not intended to swear to this paragraph.

## VIII.

11. Garnishee Bank pleads the following affirmative defenses:

a. Garnishee Bank would show that with regard to any loan(s) or obligations due from the Owners/Signators on the garnished accounts, the Garnishee Bank reserves its rights of setoff or offset under common law, statutory law, and the documents signed by the parties to show the accounts;

b. Any failure to give the Judgment Defendants Notice of this proceeding and a chance to object under Tex. R. Civ. P. 93(4) and 663a;

c. Any irregularities in the Application, Affidavit, any Bond and the Writ itself under Tex. R. Civ. P. 663a and 679. Strict compliance is required;

d. Any irregularities in the time, method or manner of service under Tex. R. Civ. P. 662 and 663. Only Sheriffs and Constables may serve Writs and that service must be upon the designated agent for service of process;

e. Any misnomer of the Garnishee Bank or failure to properly name the Garnishee Bank, other than "Comerica Bank;"

f. The rights of the Garnishee Bank under Tex. Bus. & Comm. Code Ann. Sec. 4.303(a), (b), and footnote thereto; and

g. Any misnomers, conflicts, or variations between (a) the legal name of the Judgment Defendants (i) in the Final Judgment, (ii) in the Application for Writ of Garnishment, or any amendments thereto, and (iii) in the Writ of Garnishment, and (c) the name(s) on the garnished accounts in question.

h. For further answer, to the extent a protected amount has been calculated and established, Comerica Bank affirmatively pleads No Challenge of Protection pursuant to 31 CFR212.6(c).

i. For further answer, Comerica Bank affirmatively pleads Protection During Examination and Pending Review pursuant to 31 CFR212.10(a).

j. For further answer, Comerica Bank affirmatively pleads Protection when Protecting or Freezing Funds pursuant to 31 CFR 212.10 (b).

k. For further answer, Comerica Bank affirmatively pleads Protection for Providing Additional Information to Account Holder pursuant to 31 CFR212.10(c).

l. For further answer, Comerica Bank affirmatively pleads Protection for Financial Institutions from other Potential Liabilities including bona fide errors, customary clearing and

settlement adjustments, and honoring an account holder's express written instructions to disburse protected funds pursuant to 31 CFR212.10(d)(1),(2), and (3).

WHEREFORE, PREMISES CONSIDERED, Garnishee respectfully prays:

That all claims to the funds of the Judgment Defendants on deposit with Garnishee, if any, be determined and adjudicated, and that Garnishee be discharged from all liability to Judgment Defendants and to Garnishor respecting such funds; that Garnishee recover from either the funds on deposit with Garnishee or from Garnishor, its costs and expenses, including reasonable attorneys' fees; and for such other and further relief to which Garnishee may show itself justly entitled.

Respectfully submitted,

VINCENT SERAFINO GEARY WADDELL JENEVEIN, P.C.

By: _____
Victor C. "Chuck" Serafino
State Bar No. 18032050
cserafino@vinlaw.com
Scott Hayes
State Bar No. 09280050
shayes@vinlaw.com
1601 Elm Street, Suite 4100
Dallas, Texas 75201
(214) 979-7400 Telephone
(214) 979-7402 Telecopier
ATTORNEYS FOR COMERICA BANK

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been sent to the attorneys of record for Garnishor and to Judgment Defendants herein, in accordance with Texas Rules of Civil Procedure on March _15_, 2019.

**VIA ESERVICE: projectpalehorse@hushmail.com**
Craig Cunningham
PRO SE PLAINTIFF

_____
V. Charles Serafino

# VERIFICATION

STATE OF TEXAS  §
§
COUNTY OF DALLAS  §

BEFORE ME, the undersigned authority, this day personally appeared V. Charles Serafino, attorney for Comerica Bank, known to me to be the person whose signature is subscribed below, who being by me duly sworn stated upon his oath that he is more than 18 years of age and is competent to give testimony in this action, that he is the attorney of record for Comerica Bank, Garnishee herein, and is authorized to execute this affidavit in its behalf; that he has read the above and foregoing Answer; and, that the facts set forth therein are, to the best of his personal knowledge based upon review of the Garnishee's business records, true and correct.

_____
V. Charles Serafino
Attorney for Comerica Bank

SUBSCRIBED AND SWORN TO before me, Maritza Nuncio, on this, the 15th day of March, 2019, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas

MARITZA NUNCIO
Notary Public, State of Texas
Comm. Expires 03-27-2020
Notary ID 11912086

**COMERICA BANK'S ORIGINAL ANSWER TO WRIT OF GARNISHMENT AND REQUEST FOR AWARD OF COSTS**
273721-00118 #487058                                                                 Page 8 of 8